944 F.2d 905
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Gordon L. PLATT, Plaintiff-Appellant,
v.
CITY OF DAYTON DEPARTMENT OF URBAN DEVELOPMENT, William
Schulke, Housing Inspector for the City of Dayton, Jeffrey
Rucker, Harvey Thorp, Department of Housing and Urban
Development, Defendants-Appellees.
 No. 91-3442.
 United States Court of Appeals, Sixth Circuit.
 Sept. 23, 1991.
 
 1
 Before RALPH B. GUY, Jr. and BOGGS, Circuit Judges, and McRAE, Senior District Judge.*
 
 ORDER
 
 2
 Gordon L. Platt, a pro se Ohio resident, appeals a district court judgment dismissing his civil rights action filed pursuant to 42 U.S.C. § 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not necessary. Fed.R.App.P. 34(a).
 
 
 3
 Seeking damages and declaratory relief, Platt sued the City of Dayton Department of Urban Development, three conservation specialists of the Dayton Department of Urban Development (Schulke, Rucker, and Thorp), as well as the United States Department of Housing and Urban Development alleging: (1) that he was denied due process of law when the City of Dayton condemned several homes which he owned in the city as a result of the city's nuisance abatement program; (2) that he was denied the equal protection of the laws when he was prosecuted for failure to comply with the nuisance abatement orders concerning the properties; and (3) that the nuisance abatement proceedings against his properties were instituted as the result of a conspiracy against him by various employees of the City of Dayton Law Department. In addition, Platt filed two amended complaints. In one, he asserted that Dayton did not comply with the "Barney Frank Amendment," 42 U.S.C. § 5304(d)(1), which limits the use of Community Development Block Grant (CDBG) funds for housing demolition to situations where the recipient city certifies that it will assist poor and lower-income residents who are displaced by the demolition with relocation. Platt asserts that Dayton demolished his property with CDBG funds and did not assist the residents with relocation. In his second amended complaint, Platt asserted that he was denied proper medical treatment during the incarceration that was imposed following his prosecution for failing to comply with the nuisance abatement orders.
 
 
 4
 The matter was referred to a United States magistrate judge for disposition upon the consent of the parties. After a review of the voluminous pleadings submitted by the parties, the magistrate judge dismissed Platt's claims in part and granted summary judgment for defendants on the remaining claims. The magistrate judge dismissed, without prejudice, Platt's claims against the City of Dayton Law Department, his claims for improper medical treatment, as well as his claims that his home and office were the subject of a warrantless search, finding that Platt had never sought to add the individuals named in those claims as defendants. The district court granted summary judgment on the remaining claims finding: (1) that Platt's claims concerning nuisance abatement proceedings against his property were barred by res judicata, because Platt had not timely challenged the results of the nuisance abatement proceedings in the state courts; and (2) that collateral estoppel barred Platt's claims pursuant to the "Barney Frank Amendment," because Platt could not assert in a subsequent action that the dwellings were occupied and occupiable when he did not challenge the findings of the nuisance abatement proceedings that the dwellings were "unfit for human habitation." Platt has filed a timely appeal, asserting that the district court's dismissal erroneously deprived him of a jury trial.
 
 
 5
 Upon review, we conclude that the district court properly dismissed the action for the reasons stated in the magistrate judge's opinion and order filed April 8, 1991.
 
 
 6
 The magistrate judge properly dismissed Platt's claims against the City of Dayton Law Department and for alleged deliberate indifference to his serious medical needs without prejudice pursuant to Fed.R.Civ.P. 12(b)(6). Construing the complaint in the light most favorable to Platt and accepting his factual allegations as true, we conclude that Platt can prove no set of facts in support of his claims that would entitle him to relief from the defendants named in his action. See Meador v. Cabinet For Human Resources, 902 F.2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990). Platt simply failed to add the proper parties as defendants to this action with respect to these claims
 
 
 7
 Furthermore, the district court properly granted summary judgment for defendants on Platt's claims that his property was taken without due process of law and that he was denied the equal protection of the laws due to selective enforcement of the Dayton nuisance abatement ordinance. There is no genuine issue of material fact and defendants are entitled to a judgment as a matter of law with respect to these claims. See Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601 (6th Cir.1988). These claims are barred by res judicata. See Richardson v. City of South Euclid, 904 F.2d 1050, 1052 (6th Cir.1990), cert. denied, 111 S.Ct. 691 (1991).
 
 
 8
 Platt's claim that his property was demolished in violation of the "Barney Frank Amendment" to the CDBG program does not state a claim for relief pursuant to 42 U.S.C. § 1983. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him of a right secured by the Federal Constitution or laws of the United States. See Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 155-57 (1978). 42 U.S.C. § 5304(d) provides for a residential antidisplacement and relocation assistance plan. Under the statute, relocation benefits are to be provided for all low or moderate income persons who occupied housing demolished with CDBG funds. See also Gomez v. Chody, 867 F.2d 395, 403 (7th Cir.1989) (42 U.S.C. § 5301, et seq., requires that state grants of CDBG funds be made only where the local government recipient follows a plan that provides a "reasonable opportunity for tenants displaced as a result of rehabilitation or demolition activities to relocate in their immediate neighborhoods."). Here, Platt alleges that he was the owner of the properties in question or that his late wife was the owner of some of the properties which were being probated. Platt has not alleged that he lived in or occupied any of the properties. Hence, he has failed to state a valid cause of action.
 
 
 9
 Accordingly, the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert M. McRae, Jr., Senior U.S. District Judge for the Western District of Tennessee, sitting by designation